## TENNESSEE CONSOLIDATED COAL COMPANY, a Delaware Corporation, Plaintiff-Appellant,

v.

## Cecil D. ANDRUS, Secretary, U. S. Department of Interior, et al., Defendants-Appellees.

No. 81-5350.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 25, 1982.

Decided Oct. 11, 1982.

Michael W. Boehm, Chattanooga, Tenn., for plaintiff-appellant.

John H. Cary, U. S. Atty., John C. Littleton, Asst. U. S. Atty., Chattanooga, Tenn., Edward J. Shawaker, Thomas L. Riesenberg, U. S. Dept. of Justice, Appellate Section, Washington, D. C., Charles Gault, Knoxville, Tenn., for Andrus.

J. T. Begley, Field Sol., U. S. Dept. of Interior, Knoxville, Tenn., for Office of Surface Mining.

Before LIVELY, Circuit Judge, BROWN, Senior Circuit Judge, and SILER, District Judge.*

PER CURIAM.

The plaintiff appeals from a judgment of the district court dismissing its action for an injunction. The district court dismissed "for failure to state a cause of action." The case was submitted to the court by stipulation of the parties that it could be decided upon the pleadings. The district court filed a memorandum setting forth its reasons for dismissal.

The plaintiff operates a coal preparation plant in Marion County, Tennessee which was inspected on July 24, 25 and 26, 1980 by

---

* The Honorable Eugene E. Siler, Judge, United States District Court for the Eastern and West- ern Districts of Kentucky, sitting by designation.

a representative of the Office of Surface Mining Reclamation and Enforcement (OSM). A notice of violation charging plaintiff with three violations of the Surface Mining Control and Reclamation Act, 30 U.S.C. §§ 1201 et seq., resulted from the inspection. The plaintiff then filed application for a review of the notice and an administrative law judge (ALJ) held a hearing on the application. The OSM vacated one of the three violations prior to the hearing and at the hearing the ALJ vacated a second violation charged by the OSM. The ALJ granted temporary relief with respect to the single charge which remained pending a hearing on the merits. Thereafter, but before a hearing was held on the merits of the pending notice of violation, OSM representatives made an unannounced appearance at the plaintiff's Marion County operation in order to conduct another inspection. The OSM representatives were refused permission to enter the property and one of them immediately issued another notice of violation based on this refusal. Thereupon the plaintiff filed an action in district court seeking an injunction directing the OSM to withdraw the last notice of violation and to determine that no entry could be made on its premises for purposes of discovery with respect to the pending administrative proceeding without notice and compliance with the regulation of the Department of Interior, 43 CFR § 4.1140.

The Department of Interior regulation, 43 CFR § 4.1140, provides in relevant part as follows:

§ 4.1140 Production of documents and things and entry upon land for inspection and other purposes.

(A) Any party may serve on any other party a request to—

    *      *      *      *      *      *

(2) Permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property (including the air, water, and soil) or any designated object or operation thereon, within the scope of § 4.1132.

(b) The request may be served on any party without leave of the administrative law judge.

(c) The request shall—

(1) Set forth the items to be inspected either by individual item or by category;

(2) Describe each item or category with reasonable particularity; and

(3) Specify a reasonable time, place, and manner of making the inspection and performing the related acts.

(d) The party upon whom the request is served shall serve on the party submitting the request a written response within 30 days after service of the request.

(e) The response shall state, with respect to each item or category—

(1) That inspection and related activities will be permitted as requested; or

(2) That objection is made in whole or in part, in which case the reasons for objection shall be stated.

The plaintiff argued that 43 CFR § 4.1140 provides the exclusive mechanism for entry upon the land of a mine operation for purposes of discovery when administrative proceedings on a notice of violation are pending. The OSM maintained it is not limited by the provisions of the regulation, but may make an announced inspection without prior notice even though administrative proceedings are pending.

We conclude that the district court correctly dismissed this action. At the time this action was filed the plaintiff had not suffered irreparable injury and was not threatened with irreparable injury. The actions of the OSM representatives which the plaintiff sought to restrain involved the collection of evidence to be used at a forthcoming administrative hearing, according to the plaintiff. There is no reason why the plaintiff should not make the objection to the manner in which this evidence was gathered at the hearing when the evidence is sought to be introduced. The ALJ conducting the hearing can then rule on the very question presented in this action, not on a hypothetical basis, but on the basis of evidence actually tendered. The plaintiff

will have a right to appeal that ruling if dissatisfied with the outcome of the administrative proceedings. In short, we believe the action of the plaintiff in filing suit in the district court for an injunction was premature because the most fundamental requirement for the issuance of an injunction, irreparable injury, was not present in the case.

In view of our decision, we further conclude that it was unnecessary for the district court to pass on any of the questions raised in this action and that no ruling on the questions related to the applicability of 43 CFR § 4.1140 should be inferred from our affirmance of the judgment of the district court.

The judgment of the district court is affirmed.